

# U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*        *United States Courthouse, Suite 9200*
                                        *1 Courthouse Way*
                                        *Boston, Massachusetts 02210*

August 19, 2004

By First Class Mail

M. Page Kelley, Esq.
Federal Defenders Office
408 Atlantic Avenue
Boston, MA  02109

        RECEIVED IN OFFICE OF
           ROBERT B. COLLINGS
         U.S. MAGISTRATE JUDGE

           AUG 23 2004

        UNITED STATES DISTRICT COURT
        BOSTON, MASSACHUSETTS

        Re:   United States v. Jose Vezga
              Criminal No. 03-10370-08-DPW

Dear Ms. Kelley:

    I write in response to your letter of August 10, 2004.  I have reprinted your requests below, followed by my responses.

    1. Please provide all documents and other materials and information provided to co-defendants through automatic discovery, specific requests, or other means.

**Response**: All defendants have received the same materials in discovery, with limited exceptions.  At his request, I provided Daniel MacAuley's counsel with a set of transcripts containing conversations with his client.  You have already received these documents in automatic discovery.  I have provided other counsel with statements made by their clients.  These statements are not currently subject to automatic discovery and their disclosure could endanger the individuals involved, and/or hinder the government's investigation.  Therefore, I decline to disclose them to you at this time.  Finally, I have promised Gary Newell's counsel documents pertaining to the certification of the narcotics-detection dog ("Mako") that sniffed Mr. Newell's truck. I have provided you, by letter dated yesterday, with a copy of the material I provided to Ms. Delvecchio.

    2. I have examined the four CDs you provided which catalogue telephone interceptions on Bannerman and Walter's telephones, (617) 970-8308, (617) 721-1998, and (617) 901-0104.  I note that there is a search function at the top of the "Optical Authoring Manager CD Index," but I cannot get it to work.  I would like to search the calls for names of

persons or numbers.  Our IT person is working on this for me, but if he is not able to help, I would like to ask for information on how to use the CDs.

**Response**: Sure.  I haven't the faintest idea how they work, either, but I'd be happy to inquire of DEA if you are unable to get them to work.

>   3. Please consider this a request to make an appointment to view all tangible evidence in the case, including all photographs referenced in the discovery.

**Response**: Please contact SA Brian Tomasetta at (617) 557-2154 to arrange a mutually convenient time for you to view the evidence.  If you can identify the particular items in which you are interested, using the full set of DEA-7 and DEA-7a reports that I provided, and let Agent Tomasetta know ahead of time what you would like to see, it will expedite the process.

>   4. Please provide information about whether any law enforcement agent participating in the trial or investigation of this case has ever been investigated for conduct involving false statements, obstruction of justice, taking gratuities or violating the rights of a suspect.
>
>   5. In addition to the exculpatory evidence the government is required to produce under Local Rule 116.2, please produce all exculpatory evidence as defined in Kyles v. Whitley, 514 U.S. 419 (1995); Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and United States v. Osario, 929 F.2d 753 (1st Cir. 1991).  This information includes but is not limited to witness' federal and state criminal records and information known to the government that constitutes a crime for which a witness could be prosecuted.  The defendant also requests details concerning promises, rewards and inducements including any assistance with housing, or special arrangements made for incarcerated witnesses.

**Response to #4 and #5**: As required by L.R. 116.1(C)(1), I have produced to you the information and materials listed under L.R. 116.2(B)(1), including criminal records (L.R. 116.2(B)(1)(d)), descriptions of criminal cases pending against witnesses (L.R. 116.2(B)(1)(e)) and promises, rewards and inducements provided to or expected by anticipated witnesses (L.R. 116.2(B)(1)(c)).  By separate letter dated today, I am forwarding to you and other counsel copies of plea agreements for CW-3 (as defined in the automatic discovery letter dated January 14, 2004), redacted of identifying information.

>   The other information and materials you request are not yet

2

due to you, see L.R. 116.2(B)(2) and United States v. Ruiz, 536 U.S. 622 (2002). Therefore, I respectfully decline to produce such information at this time.

                                    Very truly yours,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                By: _____
                         Rachel E. Hershfang
                         Assistant U.S. Attorney

cc: Clerk to the Hon. Robert B. Collings