# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )   CRIMINAL NO. 03- 10370-DPW<br>)<br>JOSE VEZGA       ) | |

<u>AFFIDAVIT OF DEFENDANT IN SUPPORT OF<br>MOTION TO SUPPRESS FRUITS OF<br>ILLEGAL SEARCH AND SEIZURE AND STATEMENTS</u>

I, Jose Vezga, depose and state:

1. I am the defendant in the above-numbered indictment.

2. On December 3, 2003, at about 7:00 a.m., I drove into the parking lot of my apartment building. At that time I lived in apartment 2C at 7 Dyer Court, Danvers, Massachusetts.

3. I was driving my car, a 1999 BMW, and I parked next to Kurt Walter's car, a 1994 BMW. I am a BMW mechanic, and I was working on Mr. Walter's car at that time.

4. As I pulled into the parking space, a large Ford SUV pulled in directly behind my car, blocking me in. A man quickly got out of the SUV, walked to the driver's door of my car, and told me I was under arrest. He displayed a badge of some kind. I got out of the car and he immediately handcuffed me with my hands in front of me. I believe this man was DEA Special Agent Christian Brackett.

5. A second man, whom I believe was DEA Special Agent Dennis Barton, got out of another vehicle that was parked nearby and came over to where Agent Brackett and I were standing next to my car.

6. I do not remember if I was read my rights. I was extremely shocked and surprised at being arrested.

7. The agents told me that both the cars were going to be seized and taken away. Both cars were full of things, such as tools, car parts, and clothing. I asked what about my things, and the agents told me I should remove them from the cars. I thought I would just get my personal papers out of my car, but it became clear to me that the agents were going to remove everything from

the cars. They were very helpful and it was clear that they were going to help me clean out the cars.

8. With my hands still handcuffed in front of me, I took a load of things to my apartment. The agents followed me and they were carrying things, too. I was very shaken up, nervous, and embarrassed. I remember putting an item of clothing over my handcuffs as I was carrying things, so that any of my neighbors who saw me would not see that I was in handcuffs.

9. When we got to my apartment, I did not believe I had a choice about letting the agents inside. I was under arrest and I believed that they were going to follow me no matter what. It did not occur to me that they would allow me to go into my apartment alone. I have read the DEA-6 where it says that I "consented" to letting the agents inside my apartment. They never asked me if I would let them in; nor did they tell me I could refuse to let them in.

10. When you first go into the apartment, there is a hallway. I put the things I was carrying down in the hall, and so did the agents. I then walked to the kitchen to get some bags for the rest of my things. Special Agent Brackett followed me into the kitchen. To get to the kitchen, you did not need to go through my bedroom.

11. While we were taking things into my apartment from the cars, I never gave the agents permission to search my apartment. I did not want them to search it.

12. After the last trip, I asked if I could use the bathroom before the policemen took me away. Special Agent Brackett went with me into the bathroom. While we were there, I could not see Special Agent Barton and I believe it was at this time he was looking in my bedroom.

13. The furniture in my bedroom was arranged in such a way that one would have to walk completely into the room, and go around the bed, to see on top of the bureau where he found the marijuana and wrapping papers.

14. When I was coming out of the bathroom, Special Agent Barton was coming out of the bedroom. He confronted me with a tray in his hands that he had taken off the top of the bureau in the bedroom. I pointed out to him that there were sticks and seeds on the tray and rolling papers, for rolling marijuana cigarettes for personal use. Special Agent Barton asked me in an aggressive

way if I had guns or cash in the apartment, or more drugs. I told him I did not have cash or guns. He told me that I had better let them search the apartment, and he asked me to sign a consent form, which I refused to do.

16. Special Agent Barton said that he was going to get a warrant to search my home, and he would not have a problem getting it. He made a call on his cell phone, and I understood that he was calling the prosecutor to get a warrant. He said something like, "I'm calling for a warrant..." in a business-like way. He told me it was futile to refuse and that it would be better for me to allow them to search, as it would "help me."

17. I thought that it was pointless not to allow them to search, as they would only get a warrant, anyway. So I went to the closet in the bedroom and took out a small lunch-size cooler in which there were two baggies of marijuana and gave it to them. The DEA-6 says that the marijuana was in a white plastic bag, but in fact it was in this cooler, not a bag.

Signed under pains and penalties of perjury:

_____          11.22.04
                                          Date

# EXHIBIT B

**U.S. Department of Justice**
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 4

| 1. Program Code | 2. Cross  Related Files  File | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|
| 5. By: S/A Dennis Barton  At: Boston DO, Group 1 | | 6. File Title | |
| 7. ☐ Closed  ☐ Requested Action Completed  ☐ Action Requested By: | | 8. Date Prepared  12/15/03 | |

9. Other Officers: Special Agent Christian Brackett

10. Report Re: Arrest of Jose VEZGA on 12-03-2003. Acquisition of Exhibits 27, 29, 30, 31, N-298, N-299 & N-309.

SYNOPSIS:

On November 27, 2003, US Magistrate Judge Robert B. Collings, District of Massachusetts issued an arrest warrant for Jose VEZGA for Conspiracy to Distribute a Controlled Substance (Marijuana). On December 3, 2003, Special Agents arrested VEZGA at his residence (7 Dyer Ct, Apt C2 Danvers, Ma). A subsequent consent search of the apartment yielded a quantity of marijuana, various pills and paraphernalia (Exhibits 27, 29, 30, 31 and N-309). Two (2) BMW vehicles were seized (Exhibits N-298 and N-299) but were subsequently quick released.

DETAILS:

1. On November 27, 2003, US Magistrate Judge Robert B. Collings, District of Massachusetts signed an arrest warrant for Jose VEZGA charging Conspiracy to Distribute a Controlled Substance (Marijuana).

2. On December 3, 2003, at approximately 6:00 a.m., Special Agents Dennis Barton and Christian Brackett established surveillance in the vicinity of 7 Dyer Ct, (Apt C2) Danvers, Ma. This is the residence of Jose VEZGA. The agents observed Kurt WALTER'S white 1994, 540I BMW sedan, Ma 916-VXG (Registered to Kurt WALTER 25 Royal Road Brookline, Ma) parked along the side of the building.

| 11. Distribution:  Division  District  Other | 12. Signature (Agent)  S/A Dennis A. Barton | 13. Date  12/15/03 |
|---|---|---|
| | 14. Approved (Name and Title)  Mark Mazzei  Group Supervisor | 15. Date  12-15-3 |

EA Form   - 6
(Jul. 1996)
ArrestVEZGADB6
1 - Prosecutor

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

4513

**U.S. Department of Justice**
Drug Enforcement Administration



| REPORT OF INVESTIGATION | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| (Continuation) | 3. File Title | |

| 4. Page 2 of 4 | |
|---|---|
| 5. Program Code | 6. Date Prepared 12/15/03 |

3. At approximately 7:00 a.m., S/A Barton observed Jose VEZGA drive into the lot in his silver 1999, 323IC, BMW convertible, Ma 6532MK (Registered to Jose VEZGA 7 Dyer Ct, Apt. C2 Danvers, Ma) and park next to WALTER'S BMW. VEZGA turned the engine off and prepared to exit the BMW. S/A's Barton and Brackett approached VEZGA at this time and placed him under arrest without incident.

4. S/A Barton gave VEZGA his Miranda Warnings via a DEA 13A card. VEZGA was informed that both BMW's would be seized. VEZGA requested to remove his personal items from the BMW's. S/A Barton told VEZGA that to remove the large number of items in the BMW's they would need some type of bags. S/A Barton asked if VEZGA had any such bags in the cars or in his apartment. VEZGA indicated he had garbage bags in his apartment with which to put the items in. VEZGA allowed the agents to enter his apartment (apt. C2) with VEZGA present.

5. Upon entering the apartment, S/A Barton observed in plain view in the bedroom, marijuana and marijuana rolling papers on the bureau.

6. The agents and VEZGA made two (2) trips to clean the BMW's out and stored the items in the apartment. Prior to leaving the apartment for the final time, S/A Barton asked VEZGA about the marijuana S/A Barton had seen on the bureau. VEZGA indicated he does smoke marijuana and it was all personal use marijuana. S/A Barton asked for VEZGA's permission to search the apartment and VEZGA consented but refused to sign a consent to search form.

7. VEZGA went to the closet of the bedroom and gave S/A Barton a white plastic shopping type bag which contained a number of clear zip lock baggies with marijuana inside. The white bag also contained assorted pills.

8. The items were seized, the vehicles eventually removed from the premises and VEZGA was transported to the Boston DO for processing. VEZGA was presented before US Magistrate Judge Collings later in the day and was released on a $25,000 personal unsecured bond pending trial.

| DEA Form - 6a (Jul. 1996) | DEA SENSITIVE Drug Enforcement Administration | 1 - Prosecutor 4514 |
|---|---|---|

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**U.S. Department of Justice**
Drug Enforcement Administration

| REPORT OF INVESTIGATION (Continuation) | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| | 3. File Title | |

4. Page 3 of 4

5. Program Code | 6. Date Prepared 12/15/03

9. The BMW automobiles (WALTER'S Exhibit N-299 & VEZGA'S Exhibit N-298) were subsequently quick released.

**CUSTODY OF EVIDENCE:**

1. Exhibit 27 - 3 clear zip lock baggies containing organic vegetable matter & loose vegetable matter. Sealed in a DEA Evidence Envelope marked CC-01-0184 & Exhibit 27. Exhibit 27 was seized on December 3, 2003, by S/A Dennis Barton on a dresser and closet inside Jose VEZGA'S bedroom at 7 Dyer Ct, Apt C2 Danvers, MA. S/A Barton transported the exhibit to the NEFD, sealed the exhibit and secured it in the overnight evidence vault. On December 9, 2003, S/A Barton removed the exhibit from the overnight vault and S/A Christian Brackett mailed it to the DEA Northeast Regional Laboratory via U.S. Mail Return Receipt Requested.

2. Exhibit 29 - 1 white pill (Vicodin). Sealed in a DEA Evidence Envelope marked CC-01-0184 & Exhibit 29. Exhibit 29 was seized on December 3, 2003, by S/A Dennis Barton from a closet inside Jose VEZGA'S bedroom at 7 Dyer Ct, Apt C2 Danvers, MA. S/A Barton transported the exhibit to the NEFD, sealed the exhibit and secured it in the overnight evidence vault. On December 9, 2003, S/A Barton removed the exhibit from the overnight vault and S/A Christian Brackett mailed it to the DEA Northeast Regional Laboratory via U.S. Mail Return Receipt Requested. *** NO ANALYSIS REQUESTED - STORAGE ONLY *****.

3. Exhibit 30 - 1 yellow pill (Klonopin) sealed in a DEA Evidence Envelope marked CC-01-0184 & Exhibit 30. Exhibit 30 was seized on December 3, 2003, by S/A Dennis Barton from a closet inside Jose VEZGA'S bedroom at 7 Dyer Ct, Apt C2 Danvers, MA. S/A Barton transported the exhibit to the NEFD, sealed the exhibit and secured it in the overnight evidence vault. On December 9, 2003, S/A Barton removed the exhibit from the overnight vault and S/A Christian Brackett mailed it to the DEA Northeast Regional Laboratory via U.S. Mail Return Receipt Requested. *** NO ANALYSIS REQUESTED - STORAGE ONLY *****.

4. Exhibit 31 - 8 pink pills (Klonopin) sealed in a DEA Evidence Envelope marked CC-01-0184 & Exhibit 31. Exhibit 31 was seized on December 3, 2003, by S/A Dennis Barton from a closet inside Jose VEZGA'S bedroom at 7 Dyer Ct, Apt C2 Danvers, MA. S/A Barton transported the exhibit to the

DEA Form - 6a (Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

1 - Prosecutor
4515

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION (Continuation) | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| | 3. File Title | |

| 4. Page 4 of 4 | |
|---|---|
| 5. Program Code | 6. Date Prepared 12/15/03 |

NEFD, sealed the exhibit and secured it in the overnight evidence vault. On December 9, 2003, S/A Barton removed the exhibit from the overnight vault and S/A Christian Brackett mailed it to the DEA Northeast Regional Laboratory via U.S. Mail Return Receipt Requested. *** NO ANALYSIS REQUESTED - STORAGE ONLY *****.

5. Exhibit 298 - One (1) silver, 1999, 323IC, BMW convertible, Ma 6532MK (Registered to Jose VEZGA 7 Dyer Ct, Apt. C2 Danvers, Ma). Seized on 12-3-03 from the parking lot at 7 Dyer Ct Danvers, Ma. The vehicle was temporarily stored at the MSP Danvers Barracks and subsequently quick released via a DEA 292 form.

6. Exhibit 299 - One (1) white 1994, 540I BMW sedan, Ma 916-VXG (Registered to Kurt WALTER 25 Royal Road Brookline, Ma. Seized on 12-3-03 from the parking lot at 7 Dyer Ct Danvers, Ma. The vehicle was temporarily stored at the MSP Danvers Barracks and subsequently quick released via a DEA 292 form.

7. Exhibit N-309 - EZ Wider rolling papers, a small scale and a key attached to the scale. Sealed in a DEA Evidence Envelope marked CC-01-0184 & Exhibit N-309. Exhibit N-309 was seized by S/A Dennis Barton from the bedroom of Jose VEZGA'S apartment at 7 Dyer Ct, Apt C2 Danvers, Ma during a search on 12-3-03. The items were found with Exhibit 27 (marijuana). S/A Barton transported the Exhibit to the Boston DO, Group 1 and secured it in a locked cabinet. On 12-11-03, S/A Barton sealed the items in a DEA Evidence Envelope and designated them as Exhibit N-309. The Exhibit was re-stored until submitted to the NEFD Non Drug Evidence Custodian.

INDEXING SECTION:

1. VEGA-Villareal, Jesus
2. VEZGA, Jose
3. WALTER, Kurt

DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

1 - Prosecutor

4516