UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10370 DPW |
| | ) | |
| JOSE VEZGA | ) | |
| | ) | |

DEFENDANT'S POST-HEARING MEMORANDUM OF LAW

On July 26, 2005, an evidentiary hearing was held on the defendant's Motion to Suppress Evidence. Two witnesses testified: Drug Enforcement Administration Special Agent Dennis Barton and the defendant, Jose Vezga. At oral argument immediately after the hearing, the Court granted counsel permission to submit this writing concerning cases which discuss the proposition that a person consenting to a search must understand that they can refuse the search before the Court can find that their consent is voluntary.

First, it is axiomatic that the Court must consider the "totality of the circumstances" surrounding a person's alleged consent when deciding whether any alleged consent was knowing, voluntary, and intelligent. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973); United States v. Perez-Montanez, 202 F.2d 434, 438 (1st Cir. 2000). In United States v. Worley, 193 F.3d 380, 386-387 (6th Cir. 1999), the Court stated that the following factors are relevant to deciding whether consent was freely given:

> the age, intelligence, and education of the individual; *whether the individual understands the right to refuse consent*; whether the individual understands his or her constitutional rights; the length and nature of detention; and the use of coercive or punishing conduct by the police.
> Id. at 387 (emphasis added).

In United States v. Zapata, 18 F. 3d 971, 977 (1st Cir. 1994), the Court held that the whether a suspect is informed of his right to refuse to consent to a vehicle search is relevant to the issue of voluntariness. The Court is Zapata approvingly cited United States v. Gorman, 380 F. 2d 158 (1st Cir. 1967). The Court in Gorman found that it was not required for the police to explicitly warn a suspect of his fourth amendment rights before searching. The Court found that such warnings were not necessary

> when the police have given the basic Miranda warnings, when a defendant subsequently voluntarily submits to an orderly interrogation free from any coerciveness other than that implicit in the fact of arrest and custody, *when a straightforward request for permission to search is made, and when an unambiguous and positive response is received.*
> Id. at 164 (emphasis added).

The Court should find that given the "totality of the circumstances" here, Mr. Vezga did not consent to the officers' entering his apartment. Mr. Vezga was so rattled by events that he does not remember being read his rights. He was, by Agent Barton's admission, "distraught" and "shaking" after being suddenly arrested and handcuffed. The Court suggested that it will find that Mr. Vezga and the agents decided together to get bags from his apartment. This conclusion is not supported by the evidence. Agent Barton unequivocally testified that he suggested to Mr. Vezga that they should retrieve bags from his apartment, and Agent Barton's testimony that he humored Mr. Vezga's irrational wish to take everything, including trash, out of the cars is not credible.

Mr. Vezga testified that as he was approaching his apartment with the agents, he did not understand that he could refuse to let them in. Agent Barton testified that neither he nor Agent Brackett said anything to Mr. Vezga concerning his consenting to their entering his apartment. Instead, they trooped him up to his door, unlocked it with the keys they had forcibly removed

from him when he was frisked, entered, and started "peeking" into rooms into which they had no right to go.  There was no "straightforward request for permission" followed by an "unambiguous positive response", as the Gorman Court envisioned, here.  The agents could have warned Mr. Vezga that they would need to look around his apartment.  See United States v. Ford, 22 F. 3d 374 (1st Cir. 1994) (agents arrested suspect outside home and in response to his request to go inside and change clothes, informed him that "the officers 'would have to satisfy themselves that there was no one else on the premises who might pose a threat to them'").  Cf. United States v. Weidul, 227 F. Supp. 2d 161, 165-166 (D. Me. 2002), aff'd 325 F.3d 50 (1st Cir. 2003) (even where occupant stated "okay" in response to officer's informing her that he was going to search her laundry room, and treated the officers in a generally cooperative way, she did not consent to search where she was "distraught," where she had tried to "head off" police intervention by calling dispatcher before police arrived, and where she was never explicitly asked for her consent.)  Rather than informing him of their intentions, and getting his consent, the officers relied on Mr. Vezga's being too overwhelmed and befuddled by the situation to oppose their coming inside his home.

JOSE VEZGA
By his attorney,

/s/ Page Kelley
Page Kelley
  B.B.O. #548237
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

Date: July 26, 2005